IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYLAND SHATTUCK,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| v. | : | No. 18-cv-1507 |
| **HARMON HEATING AND AIR CONDITIONING, LLC, ET AL.,** | : | |
| *Defendants*. | : | |

**Goldberg, J.**                                                                                                  **July 16, 2019**

## MEMORANDUM OPINION

Presently before me is Plaintiff's Motion for Attorney's Fees, requesting approximately $29,829.38 in fees and costs, filed in conjunction with a judgment entered in favor of Plaintiff in the amount of $7,817.83.

This action arises out of Defendants' alleged failure to pay Plaintiff promised wages, including overtime wages, bonuses, benefits, and expense reimbursements. On April 10, 2018, Plaintiff filed a Complaint, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, as well as breach of contract and unjust enrichment. On December 17, 2018, judgment was entered in favor of Plaintiff in the amount of $7,817.83.

The Motion before me specifically requests $29,407.50 in attorney's fees and $421.88 in costs, for a total of $29,829.38. Raising several objections, Defendants urge that these requests should be drastically reduced to $4,000 in attorney's fees. While I agree that some fees should be

1

reduced, the Motion will be substantially granted. For the reasons that follow, Plaintiff will be awarded $28,695.00 in attorney's fees and $421.88 in costs.

## I. LEGAL STANDARD

The FLSA provides that the prevailing party is entitled to "reasonable attorney's fees" and "costs of the action." 29 U.S.C. § 216(b). The district court has the discretion to award reasonable attorney's fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The district court is afforded high discretion in determining the proper amount of the award. Bell v. United Princeton Prop., Inc., 844 F.2d 713, 721 (3d Cir. 1989).

The standard for calculating a proper award for attorney's fees is the lodestar method. "The lodestar formula multiplies the reasonable number of hours expended by a reasonable hourly rate." Squires Golf Club v. Bank of America, No. 10-6734, 2011 WL 1050426, at *1 (E.D. Pa., Mar. 22, 2011) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). In reviewing an award of reasonable attorney's fees, "it is necessary that the Court 'go line, by line, by line' through the billing records supporting the fee request." Id. (citing Evans v. Port Auth. Of N.Y. & N.J. 273 F.3d 346, 362 (3d Cir. 2001)). "The lodestar is presumed to be the reasonable fee." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing Blum v. Stenson, 465 U.S. 886, 897 (1984)). The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. Id. "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

"However, the district court has the discretion to make certain adjustments to the lodestar" and the party seeking any such adjustment "has the burden of proving that an adjustment is necessary." Id. "The court also can deduct hours when the fee petition inadequately documents

the hours claimed." Id.  Duplicative, redundant or excessive fees should not be rewarded. Interfaith Community Org. v. Honeywell Int'l, Inc., 426 F.3d 694 (3d Cir 2005).

**II.      DISCUSSION**

   **A.      Untimeliness of Objections**

Plaintiff argues that I should not consider Defendants' objections because they were not timely filed.  (Reply 4–5, ECF No. 19.)  I held argument on Plaintiff's Motion, wherein Defense Counsel explained that he applied the state filing rule instead of the federal rule.  (Hr'g Tr., 6:20–7:15, ECF No. 23.)  During the hearing, I found that this explanation was excusable pursuant to Federal Rule of Civil Procedure 6(b).  (Id.)  Accordingly, Plaintiff's argument that the fee petition should be granted on this ground is overruled.

   **B.      Number of Hours Expended**

In the Motion for Attorney's Fees, Plaintiff's Counsel submitted that she expended 78.42 hours litigating this case, for a total of $29,407.50.  (Pl.'s Mot. for Att'y's Fees ¶ 7, ECF No. 12.) In support, Plaintiff submitted timesheets with approximately forty entries. (Id. Ex. B.)  Defendants have objected to a significant number of these time entries, asserting that the proper amount billed should be reduced to $3,065.53.  (Resp. 2–3, ECF No. 13.)

I have reviewed the forty timesheet entries line by line and Defendants' objections.  I will address the parties' disputes through an analysis of the categories of objections raised by Defendants.

   **(1)      Time Spent Drafting the Complaint**

Defendants first object to the 25.56 hours billed for drafting the Complaint.  (Resp. 3, ECF No. 13.)  Defendants urge that these hours should be reduced to an amount closer to the amount of actual damages because the Complaint consisted of block time entries that state "miscellaneous

3

research of the issues / elements and drafting of complaint." (Id.) Defendants also object to the amount of time spent on administrative tasks, such as preparing the complaint to be filed. (Id.)

Plaintiff's Counsel responds that the hours spent were reasonable because Defendants brought up "a multitude of new issues requiring research and preparation," including an allegation that Plaintiff "absconded" tools and equipment from Defendants. (Reply 4–5, ECF No. 19.) In her declaration, Plaintiff's Counsel states that she is a solo practitioner who handled all aspects of the litigation and was "well versed in state and federal employment law." (Pl.'s Mot. for Att'y's Fees Ex, C, ECF No. 12-4.)

I have reviewed each of the entries included on Appendix B and conclude that the 4.67 hours spent conversing with the client and Defendants in connection with drafting the Complaint are reasonable given the factual allegations pursued in this case. While I agree with Defendants that Plaintiff could have been more descriptive in her time entries relating to the drafting of the Complaint, I find that Plaintiff has substantiated the reasonableness of the 19.51 hours spent drafting the Complaint in light of the eight causes of actions pursued in this case, the factual allegations pursued, and her professional experience. See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing Blum v. Stenson, 465 U.S. 886, 897 (1984)) ("The lodestar is presumed to be the reasonable fee.") Moreover, Defendants have failed to substantiate its "burden of proving that an adjustment is necessary" where they simply state that 3.0 hours would have been sufficient. Id. (finding that the party seeking an adjustment to the lodestar "has the burden of proving that an adjustment is necessary").

Accordingly, Defendants' objections on this point are overruled.

### (2) Time Spent Preparing for Arbitration

Defendants object to the 23.0 hours billed for arbitration preparation, arguing that this case was "straightforward." (Resp. 4, ECF No. 13.) Specifically, Defendants argue that the allegations of the case merely state that Plaintiff was not paid $3,065.53 in wages. (Id.)

Plaintiff's Counsel responds that Defendants' conclusory argument fails to cite any authority in support of their position. (Reply 4–5, ECF No. 19.) Moreover, Defendants have failed to explain why preparing for arbitration would have only taken 3.0 hours. (Id.) Plaintiff's Counsel explains that Defendants have oversimplified Plaintiff's eight-count Complaint and the complexity of the issues involved, including the complex defenses raised by Defendants. (Pl.'s Reply 5–6, ECF No. 19.)

I have reviewed each of the entries included on Appendix B and conclude that the 19.58 hours spent preparing for the arbitration, 2.17 hours spent travelling to the arbitration, and 1.33 hours spent arbitrating the case are reasonable in light of the eight causes of actions pursued in this case, the factual allegations pursued, and Plaintiff's Counsel's professional experience. See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing Blum v. Stenson, 465 U.S. 886, 897(1984)) ("The lodestar is presumed to be the reasonable fee."). While I agree with Defendants that Plaintiff's Counsel could have been more descriptive in her time entries relating to the preparation for arbitration, I find Defendants have failed to substantiate their "burden of proving that an adjustment is necessary" because they simply state that lesser hours would have been sufficient. Id. (finding that the party seeking an adjustment to the lodestar "has the burden of proving that an adjustment is necessary").

Accordingly, Defendants' objections on this point are overruled.

### (3) Time Spent on Administrative Tasks

Defendants also object to the hours billed for administrative tasks, urging that a lower hourly rate should be applied to these hours pursuant to Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983). (Resp. 4, ECF No. 13.) However, Defendants do not specify which entries are improper.

Plaintiff's Counsel responds that Ursic is inapplicable here because she is a solo practitioner and does not have personnel to whom these tasks could have been delegated. (Reply 4–5, ECF No. 19.) Additionally, Plaintiff's Counsel states in her declaration that, "[a]s a solo practitioner, I typically work 40 to 60 hours per week, and alone handle all aspects of litigation from research to drafting and filing." (Pl.'s Mot. for Att'y's Fees Ex. C, ECF No. 12-4.)

A reimbursement rate is unreasonable where a lawyer charges the same rate for a wide range of tasks performed that could have partially been effectively performed by an administrative assistant or secretary. Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001) ("The Court acknowledged that Hoover performed nearly all of the work on this case by himself, and that Hoover claimed his highest billable rate for all work performed. A claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning a discovery request, the drafting of a brief, and trial time in court is neither fair nor reasonable. Many of these tasks are effectively performed by administrative assistants, paralegals, or secretaries. As such, to claim the same high reimbursement rate for the wide range of tasks performed is unreasonable.").

However, courts in this Circuit have found that solo practitioners are not required to lower their rates when performing administerial or ministerial tasks. See, e.g., Pelzer v. Cty of Phila., 771 F. Supp. 2d 465, 471 (E.D. Pa. 2011) ("Although trial courts have, on occasion, adopted the type of blended rate proposed by Defendants, doing so here would ignore the realities of practicing

6

law as a solo practitioner or in a small firm with limited resources and manpower." (internal citation omitted)); see also James v. Norton, 176 F. Supp. 2d 385, 396 (E.D. Pa. 2001) ("I find it unreasonable to require a solo practitioner with 12 years of experience to bill at a mid-level associate rate for expenses properly billable to attorneys.").

Here, Defendants list 8.67 hours of administrative work related to filing the Complaint. (Resp. 4, ECF No. 13; Pl.'s Mot. for Att'y's Fees Ex. B, ECF No. 12-4.) In light of the above precedent, I find that such amount of time is not unreasonable and overrule Defendants' objections on this point.

Defendants further list 6.83 hours of administrative work related to filing the fee petition. (Resp. 4–5, ECF No. 13; Pl.'s Mot. for Att'y's Fees Ex, B. ECF No. 12-4.) Here, Plaintiff has an entry for 5.83 hours with the following description: "Prepare rate certifications for Jennifer Albract and Eugene Steger, start draft motion for attorney fees and costs." (Pl.'s Mot. for Att'y's Fees Ex. B, ECF No. 12-4.) Because this description does not clearly identify which portion of the 5.83 hours was administrative versus legal, it is impossible to assess the reasonableness. Accordingly, I will reduce this particular amount by 33% to 3.9 hours. See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("The court also can deduct hours when the fee petition inadequately documents the hours claimed.").

### B. **Disproportional Fee**

Defendants argue that the amount of attorney's fees sought is unreasonable because it is four times the amount awarded in arbitration (i.e., $7,817.83). (Resp. 5, ECF No. 13.) Plaintiff's Counsel responds that this is an overstatement, and that the damages do not have to be proportional but must rather reflect the success.

7

"To determine whether the fee request excludes hours that are 'excessive, redundant, or otherwise unnecessary,' a district court can consider the damages sought and obtained." United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 296 (3d Cir. 2007). However, the amount of damages does not have to be proportional to the damage amount to be reasonable. Id. But, the court must articulate the factual reasoning for the award. Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001).

"[C]ounsel fees should only be awarded to the extent that the litigant was successful." Musa v. Soar Corp., No. CIV.A. 13-2847, 2015 WL 619615, at *7 (E.D. Pa. Feb. 12, 2015) (quoting Washington v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1044 (3d Cir. 1996)). While a "district court may consider the relief awarded as compared to that requested as a measure of plaintiff's success . . . when awarding fees," a court "may not attempt to fix a ratio between the fees and damages awarded." (Reply 4–5, ECF No. 19.)

I agree with Plaintiff that attorney's fees must be evaluated based on the party's success. Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Here, Plaintiff succeeded fully by receiving an award for all wages sought. I further find that Defendants' citation to Musa v. Soar Corp., Civ. Action No. 13-2847, 2015 WL 619615 (E.D. Pa. Feb. 12, 2015) is unpersuasive. In Musa, the plaintiff was only partially successful because the jury awarded her $541.00 in wages in contrast to the almost $10,000.00 sought in the Complaint. Musa, 2015 WL 619615, at *7. This case is distinguishable because Plaintiff here was awarded $7,817.83 during arbitration. Moreover, Musa actually supports Plaintiff's fee petition because the court awarded the plaintiff $37,476.67 in attorney's fees, despite the low verdict of $541.00. Id. at *1, *7.

Accordingly, Defendants' objections on this point are overruled.

### C. Adjustment of the Lodestar

Having reviewed all of Defendants' objections, I next must determine the lodestar by multiplying the number of hours reasonably expended by a reasonably hourly rate. As noted above, the hourly rates requested by Plaintiff's attorney are reasonable. In the preceding sections, I have reduced the numbers of hours expended where unreasonable. For the reasons discussed above, the following amounts will be reduced from the overall attorney's fees requested:

| Category of Objection | Reduction |
|---|---|
| Clerical Work | $712.50 |
| Total: | $712.50 |

As such, the lodestar is $28,695.00 (i.e., $29,407.50 – $712.50).

### E. Costs of Litigation

Plaintiff also seeks recovery of $421.88 in costs for the items listed in Exhibits E-2 to E-5 to Plaintiff's Motion for Attorney's Fees. There is no objection to these costs, and Plaintiff will be awarded costs in the amount of $421.88.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees and Costs of Litigation is granted in part. Pursuant to 29 U.S.C. § 216(b), Plaintiff is awarded $28,695.00 in attorney's fees and $421.88 in costs.

An appropriate Order follows.